### CLAUSON v. DRUMMOND et al.

No. 4252.

United States Court of Appeals
First Circuit.

Feb. 24, 1950.

For original opinion, see 172 F.2d 221.

---

12. Cf. 1 Mechem on Agency, 2d Ed., § 1218.

Theron Lamar Caudle, Assistant Attorney General, Ellis N. Slack, Robert N. Anderson and Leland T. Atherton, Special Assistants to the Attorney General, and Alton A. Lessard, United States Attorney, and Edward J. Harrigan, Assistant United States Attorney, both of Portland, Me., on the brief for appellant.

William B. Mahoney and Drummond & Drummond, of Portland, Me., on the brief for appellees.

Before MAGRUDER, Chief Judge, and MAHONEY and WOODBURY, Circuit Judges.

PER CURIAM.

Upon consideration of motion by appellees, filed January 24, 1950, asking this court to recall its mandate of February 12, 1949, and to direct the District Court "to reconsider this cause in the light of Section 7 of the Technical Changes Act of 1949, Public Law 378, 81st Congress, Chapter 720, 26 U.S.C.A. § 811(c), U.S. Cong. Ser. P. 2729, and the decisions of the Supreme Court of the United States in Commissioner v. Church's Estate, 335 U.S. 632, 69 S.Ct. 322; Estate of Spiegel v. Commissioner, 335 U.S. 701, 69 S.Ct. 301",

And it appearing that the granting of such motion would be superfluous and unnecessary, since the judgment of this court did not direct the entry of judgment for appellant but merely reversed the judgment of the District Court on the law as it then stood, and the mandate of this court "commanded that such further proceedings be had in said cause, in conformity with the aforesaid judgment of this court, as according to right and justice, and the laws of the United States, ought to be had, the said appeal notwithstanding", thereby leaving the District Court free to consider the applicability of a supervening Act of Congress before entering a final judgment upon remand,

Now, therefore, without determining whether this court has power to recall its mandate issued at a prior term of court, it is ordered that the motion for recall of mandate be, and the same is hereby, denied.